IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME A. DÍAZ O'NEILL<br><br>Plaintiffs<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et. als.*<br><br>Defendant | CIVIL No. 17-CV-2340 (WGY)<br><br>DAMAGES |

## ~~PROPOSED~~ JUDGMENT

### A. FACTUAL BACKGROUND

On December 4, 2017, plaintiff Jaime A. Díaz O'Neill ("plaintiff" or "Díaz") filed the instant case against ten (10) defendants. These are: (1) the Government of Puerto Rico, (2) Elí Díaz Atienza in his capacity as executive director of the Puerto Rico Aqueduct and Sewers Authority ("PRASA"), (3) Pedro Irene Maimí in his capacity as president of the *Unión Independiente Auténtica*, (4) Puerto Rico Labor Relations Bureau, (5) Office of Court Administration of Puerto Rico, (6) St. James Security, Inc., (7) Puerto Rico Police, (8) United States of America, and (9) Puerto Rico Department of Labor. See Docket #7. In such complaint, plaintiff alleges, in essence, that defendants violated his right to due process at the moment he was dismissed from his duties and responsibilities as a Telephone Center Clerk I, in PRASA. Specifically, Díaz alleged that the termination letter given to him did not stated the forum on which he could appeal such determination, nor did it established the term he had for such purposes.

Nevertheless, Díaz stated in his complaint having filed his claim before the corresponding office which, as he alleged, was later "dismantled". See Docket #7.

Plaintiff further stated that he filed a case before the Puerto Rico Labor Relations Board afterwards, which issued a decision and order that was later confirmed by the Puerto Rico Court of Appeals. Pursuant to plaintiff's own allegations such judgment is already *res judicata*. Finally, plaintiff alleges that defendants conspired against him to deny the remedies to which he is entitled to and to violate his right to due process. Díaz, however, did not established which are the alleged remedies he was denied, nor did he mention in what consisted the alleged due process violation. Plaintiff also did not even establish a specific time frame on which the alleged facts occurred. See Docket #7.

As can be seen from the history of this case, upon various procedural matters, on October 1, 2018, this Court issued an Order dismissing the instant case for: (1) failure to effectuate service of summons, **and (2) "because, upon review, the conclusory complaint fails to state a claim upon which relief can be granted."** See Docket # 10. Accordingly, on December 20, 2018, after being finally summoned, Elí Díaz Atienza appeared before this Court requesting the entry of Judgment pursuant such Order. On January 2, 2019, such motion was granted.

### B. LEGAL ANALYSIS

#### 1. Rule 12(b)(6) of Civil Procedure

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555, (2007), a plaintiff must "provide the grounds of his entitlement [with] **more than labels and conclusions.**" See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (emphasis ours). To those effects, "in order to 'show' an entitlement

to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id*, at p. 8 (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, make allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570; and Ashcroft v. Iqbal, 556 U.S. 662, (2009).

When considering a motion to dismiss, this Court must take into consideration a two-step process under the current "context-based plausibility" standard established by Twombly, 550 U.S. 544 and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege enough facts that comply with the basic elements of the cause of action. See Iqbal, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements).

First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Secondly, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) of Civil Procedure is appropriate. *Id.*

Therefore, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). **Moreover, such inferences must be at least as plausible as any "obvious alternative explanation."** Id. at 679-80 (emphasis ours) (citing Twombly, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez 640 F.3d at 12, (citing Iqbal, 556 U.S. at 679).

However, a complaint that rests on **"bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss.** Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (emphasis ours). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; **pure speculation is not.**" Id. at 596; see also Iqbal, 556 U.S. at 681 ("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical[...] It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); Mendez Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir. 2010).

Further, it is clear that plausibility does not equate likely success on the merits. See Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010) (affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible.") See also Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may

proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); Ocasio-Hernandez, 640 F.3d at 12 ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" (citations omitted)). Instead, the First Circuit has emphasized that "[t]he make-or-break standard [...] is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda-Villarini, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 39 n. 6 (2012) (emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

### 2. Plaintiff did not establish a plausible claim

In light of the above, this Court deems appropriate the dismissal of the instant case, as plaintiff did not meet the context-based plausibility standard and, therefore, failed to state a claim upon which a relief can be granted. This is the case as plaintiff only made general and vague allegations averring defendants: (1) violated his right to due process and (2) conspired against him to deny the remedies he allegedly is entitled to. Plaintiff, however, did not include any allegation to support such conclusions. Further, although plaintiff suggested that defendants violated his rights to due process, it is a fact well established in the complaint that plaintiff filed a claim before the Puerto Rico Labor Relations Board, which issued a decision and order that was later confirmed by the Puerto Rico Court of Appeals. Such judgment, as alleged by the plaintiff, is *res judicata*.

Accepting these allegations as true, there is only one possible conclusion to plaintiff's allegations. This is, plaintiff filed his claim regarding his employment termination from PRASA before an independent forum which, in turn, issued a decision and order. Such decision was later

confirmed through a final judgement issued by another independent forum, namely, the Puerto Rico Court of Appeals. Therefore, from an analysis strictly constrained to plaintiff's allegations it seems clear that plaintiff's claims were evaluated and adjudicated by an impartial and disinterested forum. Thus, plaintiff's conclusory allegation regarding a violation of his due process is not supported by the facts alleged in the complaint. See Marshall v. Jerrico, Inc., 446 U.S. 238, 242, (1980) ("The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases."). Having the opportunity to file his case before at least two different forums, it seems particularly relevant to this case that plaintiff did not avers any specific or general fact supporting his allegation as to the alleged violation to his right to a due process. Moreover, Díaz candidly established such decisions are *res judicata*.

It is well settled law that the doctrines of *res judicata* and collateral estoppel under both federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered. Baez–Cruz v. Municipality of Comerio, 140 F.3d 24 (1st Cir.1998); Apparel Art International, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576 (1st Cir.1995), quoting Allen v. McCurry, 449 U.S. 90, 94, (1980) See also Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, n. 5 (1979). The First Circuit has also indicated that *"res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) **and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well."** Westcott Const. v. Firemen's Fund of New Jersey, 996 F.2d 14, 16 (1st Cir.1993) (quoting Griffin v. State of R.I., 760 F.2d 359, 360 (1st Cir.1985)) (emphasis ours).

It must be further noted that preclusion includes "claims that were raised or could have been raised." Colon Padilla v. San Patricio Corp., 81 D.P.R. 242, 264, (1959); Perez v. A.F.F., 87 D.P.R. 118, (1963). "**[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation.**" United States v. Mendoza, 464 U.S. 154, 158, 104 S (1984) (emphasis ours). Therefore, to the extent Díaz acknowledged that such case became *res judicata*, this Court is precluded to address any controversy raised or that could be raised in connection with plaintiff's claims regarding his employment termination. This includes any allegation regarding a due process violation that may have been raised in such case.

Moreover, in his complaint plaintiff only included bald assertions and conclusions regarding an alleged conspiration against him, which suggests plaintiff's aversions are only supported in pure speculation. Plaintiff did not aver any specific or even general fact in support of his conclusory allegations regarding such alleged conspiration. This, however, is not enough to nudge his claims across the line from conceivable to plausible. In light of this, plaintiff has not complied with his duty under Rule of Civil Procedure 8, which requires to provide a statement of the claim "showing that the pleader is intended to relief".

## CONCLUSION

Based on the foregoing, absent any allegation that may establish a plausible claim, this case is hereby DISMISSED with prejudice., in light of Rule 12(b)(6) of Civil Procedure, as plaintiff has failed to state a claim upon which relief can be granted.

*William A. Young*
*District Judge*
*February 11, 2019*